UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:10-CV-147

PAUL DANIEL BENNETT; CHRIS
ENDERSBY; EXCELLENT PROPERTIES,
LLC; PENIEL ENTERPRISES, INC.;
RICHARD A. PERSSON; ANDREW V.
PODRAY; R&S OGEE VENTURES, LLC;
CALVIN L. RYBERG; H. CARL RYBERG;
CAROL WILLERS; MARK & CHRISTY
SIEBERT; JEFF WILSON; & 2R OGEE
VENTURES, LLC                                                                                    PLAINTIFFS

v.

HUNTER DURHAM and
DURHAM & ZORNES                                                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiffs' Motion for Leave to Amend Complaint, as an Alternative to the Court's Dismissal of Plaintiffs' Claims for Violations of Kentucky Securities Act or Common Law Fraud (Docket #26). Defendants have responded (Docket #33). This matter is now ripe for adjudication. For the following reasons, Plaintiffs' motion to amend is GRANTED.

## BACKGROUND

Plaintiffs are investors who, between 2004 and 2007, were allegedly "defrauded by Defendants in connection with the offering and sale of unregistered securities in the form of interests in partnerships and joint ventures in various oil and gas drilling enterprises sponsored by Mammoth Resource Partners, Inc., and its affiliates (collectively "Mammoth")." Pl.'s Resp., DN 25, p. 2. Plaintiffs filed this action on September 10, 2010, against Hunter Durham and his law firm, Durham & Zornes. Plaintiffs assert eight causes of action. The first five allege

violations of Section 292.480(1) of the Kentucky Securities Act against both Defendants. The sixth cause of action alleges violation of Section 292.480(4) of the Kentucky Securities Act against Hunter Durham. The seventh cause of action alleges common law fraud against both Defendants, and the eighth cause of action alleges conspiracy against both Defendants. Defendants filed a motion to dismiss on October 14, 2010. Plaintiffs filed their motion for leave to amend the Complaint on December 1, 2010. There is no currently no scheduling order in this case. The Court now considers Plaintiffs' motion to amend.

## STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule directs that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule gives effect to the principle that, as far as possible, cases should be determined on their merits and not on technicalities. *Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961). Denial of leave to amend may be appropriate "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003) (citations and quotation omitted).

## DISCUSSION

Plaintiffs argue that they should be permitted to amend their Complaint. Defendants have filed a motion to dismiss which is now ripe. However, Plaintiffs filed their motion to amend contemporaneous with their response to the motion to dismiss. Plaintiffs have not

2

presented an amended complaint to the Court, but rather ask that the Court allow Plaintiffs to amend their Complaint "to plead facts addressing areas where the Court finds the Complaint to be deficient." Pl.'s Motion to Amend, DN 26, p. 1.

The Court does not provide advisory opinions. Defendants' motion to dismiss addresses the original Complaint. If Plaintiffs believe in good faith that an amended complaint can address those concerns raised in the motion to dismiss, Plaintiffs must file an amended complaint within ten (10) days of the filing of this Memorandum Opinion and Order. It is not the Court's obligation to tell Plaintiffs what law and facts they should allege.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion to Amend is GRANTED. Plaintiffs shall file their amended complaint within ten (10) days of the filing of this Memorandum Opinion and Order.

Defendants may supplement their current motion to dismiss within fourteen (14) days of the filing of the amended complaint. Plaintiffs may respond within fourteen (14) days of the filing of the supplement and Defendants' may reply within seven (7) days. Defendants shall notify the Court with copies to opposing counsel when the matter is ripe.

A telephonic status conference is hereby SET for **April 1, 2011,** at **11:30 a.m. CST.**